UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| JAMES V. CRITES and<br>CAROLYN S. CRITES,<br><br>        Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A.,<br>J.M. ASSOCIATES, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   CASE NO. 1:13CV320<br>)<br>)<br>)   JUDGE HERMAN J. WEBER<br>)<br>) |

## DEFENDANT J.M. ADJUSTMENT SERVICES, LLC'S ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, J.M. Adjustment Services, LLC ("J.M. Adjustment"), by counsel, responds to Plaintiffs James V. Crites and Carolyn S. Crites' (collectively the "Crites") First Amended Complaint as follows:

### ANSWER

### INTRODUCTION

1. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Crites' Amended Complaint, and demands strict proof thereof.

2. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Crites' Amended Complaint, and demands strict proof thereof.

3. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Crites' Amended Complaint, and demands strict proof thereof.

4. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Crites' Amended Complaint, and demands strict proof thereof.

5. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Crites' Amended Complaint, and demands strict proof thereof.

6. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Crites' Amended Complaint, and demands strict proof thereof.

7. J.M. Adjustment admits that its representative met with the Crites, along with their attorney, but denies the remaining allegations contained in Paragraph 7 of the Crites' Amended Complaint.

8. J.M. Adjustment denies any allegations that the Crites' claims against it, contained in Paragraph 8 of the Crites' Amended Complaint, are valid.

## VENUE AND JURISDICTION

9. J.M. Adjustment admits the allegations contained in Paragraph 9 of the Crites' Amended Complaint.

10. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Crites' Amended Complaint, and demands strict proof thereof.

11. J.M. Adjustment denies that any claims against it exceed $75,000, and is without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 of the Crites' Amended Complaint.

12. J.M. Adjustment denies that any claims against it exceed $75,000, and is without sufficient information to admit or deny the remaining allegations contained in Paragraph 12 of the Crites' Amended Complaint.

13. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Crites' Amended Complaint, and demands strict proof thereof.

## PARTIES

14. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Crites' Amended Complaint, and demands strict proof thereof.

15. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Crites' Amended Complaint, and demands strict proof thereof.

16. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Crites' Amended Complaint, and demands strict proof thereof.

17. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Crites' Amended Complaint, and demands strict proof thereof.

18. J.M. Adjustment admits that it is a Michigan limited liability corporation with headquarters in Clinton Township, Michigan, as alleged in Paragraph 18 of the Crites' Amended Complaint. J.M. Adjustment denies the remaining allegations contained in Paragraph 18 of the Crites' Amended Complaint.

19. J.M. Adjustment admits that the quoted sections of Paragraph 19 of the Crites' Amended Complaint are contained on its website, but J.M. Adjustment denies the remaining allegations contained in Paragraph 19 of the Crites' Amended Complaint.

20. J.M. Adjustment admits that it often conducts face-to-fact visits with its clients' borrowers, but denies that remaining allegations contained in Paragraph 20 of the Crites' Amended Complaint.

21. J.M. Adjustment admits that Exhibit B to the Crites' Amended Complaint is a letter provided by it, but denies the remaining allegations contained in Paragraph 21 of the Crites' Amended Complaint.

## LOAN MODIFICATION

22. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Crites' Amended Complaint, and demands strict proof thereof.

23. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Crites' Amended Complaint, and demands strict proof thereof.

24. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Crites' Amended Complaint, and demands strict proof thereof.

25. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Crites' Amended Complaint, and demands strict proof thereof.

26. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Crites' Amended Complaint, and demands strict proof thereof.

27. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the Crites' Amended Complaint, and demands strict proof thereof.

28. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Crites' Amended Complaint, and demands strict proof thereof.

29. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 29 of the Crites' Amended Complaint, and demands strict proof thereof.

30. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Crites' Amended Complaint, and demands strict proof thereof.

## WRONGFUL COLLECTION BY BANK OF AMERICA

31. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 31 of the Crites' Amended Complaint, and demands strict proof thereof.

32. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Crites' Amended Complaint, and demands strict proof thereof.

33. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 33 of the Crites' Amended Complaint, and demands strict proof thereof.

34. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 34 of the Crites' Amended Complaint, and demands strict proof thereof.

35. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Crites' Amended Complaint, and demands strict proof thereof.

36. J.M. Adjustment admits that Exhibit B to the Crites' Amended Complaint is a letter it sent to the Crites in April 2013, as alleged in Paragraph 36 of the Crites' Amended Complaint. J.M. Adjustment denies the characterization of the letter in Paragraph 36 of the Crites' Amended Complaint because the terms of the letter speak for themselves.

37. J.M. Adjustment denies the allegations contained in Paragraph 37 of the Crites' Amended Complaint, to the extent they refer to "the amount wrongfully demanded." J.M. Adjustment is without sufficient information to admit or deny the remaining allegations contained in Paragraph 37 of the Crites' Amended Complaint, and demands strict proof thereof.

38. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Crites' Amended Complaint, and demands strict proof thereof.

### MEETING WITH JMA SERVICES

39. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 39 of the Crites' Amended Complaint, and demands strict proof thereof.

40. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Crites' Amended Complaint, and demands strict proof thereof.

41. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 41 of the Crites' Amended Complaint, and demands strict proof thereof.

42. J.M. Adjustment admits that the Crites' called on or about April 15, 2013, to arrange a meeting, but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 42 of the Crites' Amended Complaint.

43. J.M. Adjustment admits the allegations contained in Paragraph 43 of the Crites' Amended Complaint.

44. J.M. Adjustment admits that its representative informed the Crites that she had no knowledge about their loan and that she could not discuss possible options with them or implement their loan modification, as alleged in Paragraph 44 of the Crites' Amended Complaint. J.M. Adjustment denies the remaining allegations contained in Paragraph 44 of the Crites' Amended Complaint.

45. J.M. Adjustment admits that the allegations contained in Paragraph 45 of the Crites' Amended Complaint is one of the topics discussed at the meeting by the Crites.

46. J.M. Adjustment admits the allegations contained in Paragraph 46 of the Crites' Amended Complaint.

47. J.M. Adjustment admits that Exhibit F contains the quote contained in Paragraph 47 of the Crites' Amended Complaint, but denies the remaining allegations in that paragraph.

48. J.M. Adjustment denies the allegations contained in Paragraph 48 of the Crites' Amended Complaint, to the extent they allege what the Crites did or did not inform J.M. Adjustment. J.M. Adjustment is without sufficient information to admit or deny the remaining allegations contained in Paragraph 48 of the Crites' Amended Complaint, regarding what the Crites did or did not inform Bank of America, and demands strict proof thereof.

49. J.M. Adjustment admits that Exhibit G is a letter that the J.M. Adjustment representative provided at the meeting, but denies the remaining allegations contained in Paragraph 49 of the Crites' Amended Complaint.

50. J.M. Adjustment denies the allegations contained in Paragraph 50 of the Crites' Amended Complaint.

51. J.M. Adjustment denies the allegations contained in Paragraph 51 of the Crites' Amended Complaint.

52. J.M. Adjustment denies the allegations contained in Paragraph 52 of the Crites' Amended Complaint.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### [AGAINST BANK OF AMERICA]

53. J.M. Adjustment incorporates its responses to Paragraphs 1 through 52 of the Crites' Amended Complaint, as its response to Paragraph 53.

54. Paragraph 54 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

55. Paragraph 55 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

7

56. Paragraph 56 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

57. Paragraph 57 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

58. Paragraph 58 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

59. Paragraph 59 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

60. Paragraph 60 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny

the allegations contained in Paragraph 54 of the Crites' Amended Complaint, and demands strict proof thereof.

## SECOND CAUSE OF ACTION – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT [AGAINST JMA SERVICES]

61. J.M. Adjustment incorporates its responses to Paragraphs 1 through 60 of the Crites' Amended Complaint, as its response to Paragraph 61.

62. J.M. Adjustment is without sufficient information to admit or deny the allegations contained in Paragraph 62 of the Crites' Amended Complaint, and demands strict proof thereof.

63. J.M. Adjustment denies the allegations contained in Paragraph 63 of the Crites' Amended Complaint.

64. J.M. Adjustment denies the allegations contained in Paragraph 64 of the Crites' Amended Complaint.

65. J.M. Adjustment denies the allegations contained in Paragraph 65 of the Crites' Amended Complaint.

66. J.M. Adjustment denies the allegations contained in Paragraph 66 of the Crites' Amended Complaint.

67. J.M. Adjustment denies the allegations contained in Paragraph 67 of the Crites' Amended Complaint.

68. J.M. Adjustment denies the allegations contained in Paragraph 68 of the Crites' Amended Complaint.

69. J.M. Adjustment denies the allegations contained in Paragraph 69 of the Crites' Amended Complaint.

70. J.M. Adjustment denies the allegations contained in Paragraph 70 of the Crites' Amended Complaint.

## THIRD CAUSE OF ACTION – DEFAMATION & LIBEL [AGAINST BANK OF AMERICA & JMA SERVICES]

71. J.M. Adjustment incorporates by reference its responses to Paragraphs 1 through 70 of the Crites' Amended Complaint, as its response to Paragraph 71.

72. J.M. Adjustment denies the allegations regarding any statements made by J.M. Adjustment contained in Paragraph 72 of the Crites' Amended Complaint. J.M. Adjustment is without sufficient information to admit or deny the remaining allegations contained in Paragraph 72 of the Crites' Amended Complaint, and demands strict proof thereof.

73. J.M. Adjustment denies the allegations regarding any statements made by J.M. Adjustment contained in Paragraph 73 of the Crites' Amended Complaint. J.M. Adjustment is without sufficient information to admit or deny the remaining allegations contained in Paragraph 73 of the Crites' Amended Complaint, and demands strict proof thereof.

74. J.M. Adjustment denies the allegations contained in Paragraph 74 of the Crites' Amended Complaint.

75. J.M. Adjustment denies the allegations contained in Paragraph 75 of the Crites' Amended Complaint.

76. J.M. Adjustment denies the allegations contained in Paragraph 76 of the Crites' Amended Complaint.

77. J.M. Adjustment denies the allegations contained in Paragraph 77 of the Crites' Amended Complaint.

78. J.M. Adjustment denies the allegations contained in Paragraph 78 of the Crites' Amended Complaint.

## FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS [AGAINST BANK OF AMERICA]

79. J.M. Adjustment incorporates by reference its responses to Paragraphs 1 through 78 of the Crites' Amended Complaint, as its response to Paragraph 79.

80. Paragraph 80 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 80 of the Crites' Amended Complaint, and demands strict proof thereof.

81. Paragraph 81 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 81 of the Crites' Amended Complaint, and demands strict proof thereof.

82. Paragraph 82 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 82 of the Crites' Amended Complaint, and demands strict proof thereof.

83. Paragraph 83 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny

the allegations contained in Paragraph 83 of the Crites' Amended Complaint, and demands strict proof thereof.

84. Paragraph 84 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 84 of the Crites' Amended Complaint, and demands strict proof thereof.

85. Paragraph 85 of the Crites' Amended Complaint does not contain any allegations against J.M. Adjustment, therefore no response is required. To the extent a response is deemed to be required, J.M. Adjustment states that it is without sufficient information to admit or deny the allegations contained in Paragraph 85 of the Crites' Amended Complaint, and demands strict proof thereof.

WHEREFORE, Defendant J.M. Adjustment Services, LLC, requests that the Court enter judgment in its favor and against Plaintiffs James E. Crites and Carolyn S. Crites, on all claims in Plaintiffs' Amended Complaint, for an award of attorney's fees, and all other appropriate relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The alleged actions of J.M. Adjustment are protected by the "bona fide error" defense, pursuant to 15 U.S.C. §1692(k).

### Third Affirmative Defense

J.M. Adjustment is not a "debt collector" as defined by the FDCPA.

<u>Fourth Affirmative Defense</u>

J.M. Adjustment states that the Crites' defamation or libel claims against it fail because any alleged statements by J.M. Adjustment to third parties were truthful.

<u>Fifth Affirmative Defense</u>

Plaintiffs' defamation and libel claim is barred by the common interest privilege.

<u>Sixth Affirmative Defense</u>

J.M. Adjustment did not make the alleged defamatory statements with knowledge of their falsity or with actual malice.

<u>Seventh Affirmative Defense</u>

J.M. Adjustment reserves the right to raise additional defenses that it learns through the course of discovery in this action, and amend this answer accordingly.

<u>JURY DEMAND</u>

J.M. Adjustment demands trial by jury on all claims and defenses raised in this lawsuit.

Respectfully submitted,

_____
Catherine Jopling (0086669)
BARNES & THORNBURG LLP
41 S. High Street, Suite 3300
Columbus, OH 43215-6104
Phone: (614) 628-0096
Facsimile: (614) 628-1433
*Attorney for Defendant*
*J.M. Adjustment Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Mark B. Lawson
Brian Howe
Steven Sharpe
Legal Aid Society of Southwest Ohio, LLC
215 E. Ninth Street, Suite 500
Cincinnati, OH 45202

Christian A. Jenkins
Minnillo & Jenkins Co., LPA
2712 Observatory Avenue
Cincinnati, OH 45208

Rose Marie Fiore
McGlinchey Stafford
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640

_____